UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In Re:                                                    Case No. 14-30397-BKC-RAM

RICARDO A. GUARDIA,                                       Chapter 7

Debtor
_____/

## MOTION FOR ORDER DECLARING THE AUTOMATIC STAY UNDER 11 U.S.C. §362 INAPPLICABLE TO THE ATTORNEY GENERAL'S ACTION AGAINST DEBTOR OR, IN THE ALTERNATIVE, LIFTING THE STAY

The State of Florida, Office of the Attorney General, Department of Legal Affairs (the

"Attorney General"), hereby files this motion for an order declaring the automatic stay under 11

U.S.C. §362 inapplicable to the Attorney General's ongoing investigation and future actions and

proceedings against Debtor Ricardo A. Guardia or, in the alternative, lifting the stay. In support

thereof, the Attorney General respectfully states as follows:

### JURISDICTION

1.     This Court has jurisdiction under 28 U.S.C. §§157 and 1334. Venue is proper

under 28 U.S.C. §§1408 and 1409. This is a core proceeding as defined in 28 U.S.C.

§157(b)(2)(G).



### BACKGROUND

2.     Ricardo A. Guardia ("Ricardo Guardia" or "Debtor") commenced this case by

filing a voluntary petition for relief under Chapter 7, Title 11 of the Bankruptcy Code on

September 11, 2014 (the "Petition Date"). Pursuant to Section 362(a) of the Bankruptcy Code,

upon the Debtor's filing, an automatic stay went into effect, suspending all non-exempt actions

or proceedings against Debtor.

3.     Prior to the Petition Date, the Attorney General instituted a formal investigation against Debtor for violations of Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes. The Attorney General is the enforcement authority under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

4.     Based on this investigation, the Attorney General filed a Complaint on September 17, 2014 in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida against Genie Pools Florida, Inc., Gabriel E. Guardia, and Liz M. Guardia ("Lawsuit"). Debtor is the President and Registered Agent of Genie Pools Florida, Inc., is signatory to the bank account of Genie Pools Florida, Inc., and managed and controlled the day-to-day operations of Genie Pools Florida, Inc. Gabriel E. Guardia and Liz M. Guardia are the children of Debtor. A copy of the Complaint is attached hereto as **Exhibit A**.

5.     No litigation has been filed against Debtor to date; however, in the interest of justice, the Attorney General wishes to add the Debtor as a defendant in the above-referenced Lawsuit. The Attorney General's ongoing investigation and future actions and proceedings against Debtor shall be referred to as the "Attorney General's Case."

## RELIEF REQUESTED

6.     Pursuant to 11 U.S.C. Section 362(d)(1), the Attorney General respectfully requests that this Court order that the automatic stay under 11 U.S.C. Section 362 is inapplicable to the Attorney General's Case, or alternatively, lift the stay, so the Attorney General is not stayed from adding the Debtor as a defendant in the Lawsuit. A form of the proposed order is attached hereto as **Exhibit B**.

7.     A statement of cause to support this motion, as required under 11 U.S.C. Section 362(d)(1), is included in the grounds for relief section below.

## GROUNDS FOR RELIEF

8.      The Attorney General is the enforcing authority under FDUTPA, and any actions or proceedings against the Debtor by the Attorney General are pursuant to its enforcement authority under FDUTPA. The purpose of the Attorney General's actions and proceedings is to further the public policy of protecting consumers from unfair and deceptive trade practices.

9.      Pursuant to 11 U.S.C. Section 362(b)(4), filing a voluntary petition for relief under Chapter 7, Title 11 of the Bankruptcy Code does not operate as a stay of the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's police or regulatory power.

10.     Courts have held that lawsuits filed by states alleging violations of consumer protection statutes fall within the "police and regulatory power exception" found in 11 U.S.C. Section 362(b)(4). *In re Steffy*, 494 B.R. 574, 584-585 (Bankr. N.D. Ga. 2012); *In re Dolen*, 265 B.R. 471, 480-481 (Bankr. M.D. Fla. 2001); *In re First Alliance Mortgage Co.*, 263 B.R. 99, 106-108 (B.A.P. 9th Cir. 2001); *In re Nelson*, 240 B.R. 802, 804-805 (Bankr. D. Me. 1999). These holdings are supported by legislative history which illustrates that Congress intended this exception to apply to lawsuits by governmental units "to prevent or stop violation of fraud, environmental protection, consumer protections, safety, or similar regulatory laws." *In re Dolen* at 481.

11.     Courts apply two tests to determine whether a state's actions or proceedings fall within this exemption: the "pecuniary purpose" test and the "public policy" test. *In re First Alliance Mortgage Co.* at 107. The "pecuniary purpose" test looks to "whether the governmental

3

unit is pursuing an issue of public safety and welfare as opposed to the pecuniary interest of the government." *In re Steffy* at 585. The "public policy" test examines "whether the action functions to advance the ends of public policy instead of adjudicating private rights." *Id.*

12.     Here, the actions and proceedings of the Attorney General fall within the "police and regulatory power exemption" in 11 U.S.C. Section 362(b)(4). The Attorney General is a "governmental unit" as defined in 11 U.S.C. Section 101(27). The Attorney General's actions fulfill both the "pecuniary purpose" and "public policy" tests. The Attorney General is pursuing an issue of public safety and welfare by attempting to pursue claims against the Debtor for committing deceptive and unfair practices. Adding the Debtor to the ongoing Lawsuit would advance public policy by enjoining the Debtor from offering related services to Florida consumers in the future, if the Attorney General is successful. The Attorney General is not pursuing the matter for her own pecuniary interest or to adjudicate private rights.

13.     Therefore, the Debtor's voluntary petition should not stay the Attorney General's Case, including adding the Debtor as a defendant in the Lawsuit, under the "police and regulatory power exception" in 11 U.S.C. Section 362(b)(4).

14.     Accordingly, the proposed order should be approved by this Court.

15.     Alternatively, should this Court find that the automatic stay applies to the Attorney General's Case, the Attorney General respectfully requests that this Court lift the stay so the Attorney General can proceed with her Lawsuit against the Debtor to obtain what would be considered a nondischargeable debt under 11 U.S.C. Section 523(a)(2)(A).

## NOTICE

16.     Notice of this Motion has been given by regular mail or electronically through the Court's ECF system to the Debtor's attorney, and named parties in the action.

4

17.     The Trustee has no objection to this Motion.

18.     Undersigned counsel contacted Debtor's counsel to reach an agreement regarding the relief requested in this Motion. On October 16, 2014, counsel for the Debtor responded that Debtor would not consent to this Motion.

## **NO PRIOR REQUEST**

19.     No prior request for the relief sought has been made to this or any other Court.

WHEREFORE, the Attorney General respectfully requests entry of the proposed order attached hereto as **Exhibit B**, declaring the automatic stay inapplicable to the Attorney General's Case against Debtor Ricardo A. Guardia; or, in the alternative, lifting the stay as applied to the Attorney General's Case.

Dated:  October 20, 2014

Respectfully Submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

By:  Katherine A. Kiziah
Assistant Attorney General
Florida Bar No. 0017585
Katherine.Kiziah@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
1515 N. Flagler Drive
Suite 900
West Palm Beach, FL 33401
Telephone: (561) 837-5007
Facsimile: (561) 837-5109

Ryann Flack
Assistant Attorney General
Florida Bar No. 0018442
Ryann.Flack@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division

444 Brickell Avenue
Suite 650
Miami, Florida 33131
Telephone: (305) 377-5850
Facsimile: (305) 349-1403

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of State of Florida, Office of the

Attorney General's Motion for Order Declaring the Automatic Stay Under 11 U.S.C. §362

Inapplicable to the Attorney General's Action Against Debtor or, in the Alternative, Lifting the

Stay, was served by transmission of Notices of Electronic Filing generated by CM/ECF to those

parties registered to receive electronic notices of filing in this case, as indicated on the attached

service list.

Katherine A. Kiziah
Assistant Attorney General

## Service List by CM/ECF and Email:

- Robert A Angueira, Trustee
  trustee@rabankruptcy.com

- Peter D Spindel on behalf of George V. Torres
  peterspindel@gmail.com

- Emmanuel Perez, Esq. on behalf of Ricardo Guardia and Teresita Guardia
  bankruptcy@lawperez.com

- Peter A Tappert, Esq. on behalf of Ocean Bank
  ptappert@wdpalaw.com

- Michael R. Carroll, Esq. on behalf of Ocean Bank
  mcarroll@oceanbank.com

- Office of the US Trustee
  USTPRegion21.MM.ECF@usdoj.gov

6

Filing # 18348802 Electronically Filed 09/17/2014 03:25:30 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR DADE COUNTY, FLORIDA

OFFICE OF THE ATTORNEY GENERAL,
DEPARTMENT OF LEGAL AFFAIRS,
STATE OF FLORIDA,

     Plaintiff,

vs.                       Case No.

GENIE POOLS FLORIDA, INC., a Florida
corporation; GABRIEL E. GUARDIA, an
individual; and LIZ M. GUARDIA, an individual,

     Defendants.

_____/

### COMPLAINT

Plaintiff, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL

AFFAIRS, STATE OF FLORIDA ("Plaintiff" or the "Attorney General"), sues GENIE POOLS

FLORIDA, INC., a Florida corporation; GABRIEL E. GUARDIA, an individual; and LIZ M.

GUARDIA, an individual, hereinafter referred to as ("Defendants"), and states the following in

support hereof.

### JURISDICTION and VENUE

1.     This action is brought pursuant to Florida's Deceptive and Unfair Trade Practices

Act, Chapter 501, Part II, Florida Statutes ("FDUTPA").

2.     This Court has jurisdiction pursuant to Florida Statutes Section 26.012 and

FDUTPA.

3.     The statutory violations alleged herein occurred in or affected more than one

judicial circuit in the State of Florida. Venue is proper in the Eleventh Judicial Circuit as the

principal place of business of the Defendants is Dade County, Florida.

1



4.     Genie Pools, at all times material hereto, provided goods or services within the definition of Section 501.203(8), Florida Statutes.

5.     Genie Pools, at all times material hereto, solicited consumers within the definition of Section 501.203(7), Florida Statutes.

6.     Genie Pools, at all times material hereto, was engaged in a trade or commerce as defined by Section 501.203(8), Florida Statutes.

## **PLAINTIFF**

7.     The State of Florida is the enforcing authority of FDUTPA pursuant to Florida Statutes Section 501.203(2) and is authorized to pursue this action to enjoin violations of the FDUTPA and to obtain legal, equitable or other appropriate relief including rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, civil penalties, or other relief as may be appropriate. Fla. Stat. §§ 501.207, 501.2075 and 501.2077.

8.     Plaintiff has conducted an investigation and the head of the enforcing authority, Attorney General Pamela Jo Bondi, has determined that an enforcement action serves the public interest.

## **DEFENDANTS**

9.     Defendant Genie Pools Florida, Inc. ("Genie Pools") was organized under the laws of Florida on or about March 24, 1989 and has maintained a principal place of business in Miami-Dade County, Florida since its organization.   Ricardo Guardia is the President and Registered Agent of Defendant Genie Pools and signatory to Defendant Genie Pools' bank account. The current principal address for Defendant Genie Pools is 12940 S.W. 128th Street, Suite 201, Miami, Florida 33186.

2

10. Defendant Gabriel E. Guardia ("Gabriel Guardia") resides in Miami-Dade County, Florida, is not in the military and is otherwise sui juris.

11. Gabriel Guardia was the Project Manager of Genie Pools. From at least February 2009 to April 2014, State of Florida filings reflect Gabriel Guardia as the Treasurer of Genie Pools. In October 2012, Gabriel Guardia became a Vice President of Genie Pools until he filed a resignation as officer in April 2014.

12. Defendant Gabriel Guardia is a signatory to Genie Pools' bank account.

13. At all material times hereto, Defendant Gabriel Guardia directly participated in the unfair and deceptive acts and practices complained of herein and/or controlled or had the ability to control the actions and practices of Genie Pools.

14. Defendant Liz M. Guardia ("Liz Guardia") resides in Miami Dade County, Florida, is not in the military and is otherwise sui juris.

15. Liz Guardia was the Certified Pool/Spa Contractor and the business qualifier of Genie Pools. From April 17, 2008 through October 2013, State of Florida filings reflect that Liz Guardia was the Vice President/Secretary of Genie Pools.

16. Defendant Liz Guardia also functioned as the Office Manager for Genie Pools, including managing all office and administrative tasks of Genie Pools. In addition, Defendant Liz Guardia is a signatory to Genie Pools' bank account.

17. At all material times hereto, Defendant Liz Guardia directly participated in the unfair and deceptive acts and practices complained of herein and/or controlled or had the ability to control the actions and practices of Genie Pools.

18. Defendants directly participated in the unfair and deceptive acts and practices complained of herein, including but not limited to, deceptive acts pertaining to time of

3

completion, quality of work, and soliciting monies from consumers despite their knowledge of Genie Pools' inability to complete pool and spa projects.

## DECEPTIVE ACTS AND PRACTICES

19. At all times material hereto, Defendant Genie Pools was a licensed pool and spa builder and advertised itself as the "#1 Builder in Miami Dade County with Fastest Average Time of Completion."

20. Defendant Genie Pools, through its agents and affiliates and the direct actions of individuals including Defendants Gabriel Guardia and Liz Guardia, engaged in a deliberate and systematic pattern of misleading and deceiving Florida consumers at every stage of the pool construction and sales process.

### *Sales and Advertising*

21. Defendants advertised and offered an "average time of construction of 45-60 days" in order to mislead Florida consumers into hiring Defendant Genie Pools over other pool companies. Defendants failed to honor this guaranty and regularly took several weeks and months longer than promised to complete construction.

4



**GeniePools**

## WHY GENIE POOLS?

- ✓ Reliability
- ✓ Quality
- ✓ Reputation
- ✓ Experience
- ✓ Reasonable Prices
- ✓ Trustworthy
- ✓ Customer Service
- ✓ Efficiency

- ✓ State Licensed (#CPC1457055) and Insured
- ✓ "A+" Rating with the Better Business Bureau
- ✓ 0 Complaints Filed with the Department of Business & Professional Regulation (DBPR)
- ✓ Excellent Credit Reference with Dun & Bradstreet
- ✓ #1 Builder in Miami Dade County with Fastest Average Time of Completion
- ✓ Members of the Florida Swimming Pool Association (FSPA)
- ✓ Members of the Associated Swimming Pool Industries of FL (ASPI)

### Time of Completion:

The Genie Pools Team understands that time is of the essence. Our goal is to build your swimming pool as quickly as you would like to be swimming in it; but our company motto is to always *"under promise and over deliver"*. With this being said, our average time of construction is 45-60 days.

22. Further, Defendants advertised that it was "#1 in time of completion," and invited consumers "to confirm this information in the Miami Dade County Building department's public records." **These representations were false, deceptive and misleading in that Genie Pools failed to finish consumers' pools in the "average time of construction" and as previously mentioned took several months longer than promised to complete construction.**

5

## Why YOU Should choose Genie Pools

*Competitive Prices * Experience * Reputability*
Credibility * Efficiency* Peace of Mind*

✓ We are the leading pool builder in South Florida.
Genie Pools is # 1 in quantity of swimming pools
constructed as well as  # 1 in time of completion.
Don't take this from us! We invite you to confirm this
information in the Miami Dade County Building
department's public records.

23.     To make matters worse, Defendant Genie Pools failed to complete several pool
projects, leaving consumers not only with an empty hole in their backyards but also with an
empty pocket.

24.     These misrepresentations, along with other acts of deception described below,
directly harmed consumers as evidenced by the multitude of liens that have been placed on
consumers' properties due to Defedants' failure to pay subcontractors and material suppliers.

25.     Defendants advertised certain "warranties" that were either completely false or
misleading or failed to contain pertinent disclosures.  For example, Defendants offered a
"Lifetime Structural Warranty" that, upon information and belief, Defendants had no intention of
honoring. Moreover, Defendants advertised and offered a "Swimming Pool Finish Warranty"
which many consumers have testified they never received.

26.     All of the above false and misleading advertisements, guaranties, warranties and
misrepresentations, among many others, were intentionally designed to mislead consumers into
hiring Genie Pools and did in fact mislead Florida consumers to their detriment.

6

## *Unfair Charges*

27. According to its contracts with consumers, which it titled "Swimming Pool Contract," Defendants charged consumers the balance of monies owed according to a pre-determined "progress payment" schedule; for example, 20% upon execution of the contract, 25% due when excavation was completed, 25% due when gunite/shotcrete was placed, 20% due when waterline tile & coping were installed, 5% due when pump & filter were installed, and 5% due before installation of plaster.

28. Defendants consistently demanded progress payments that were not yet owed, prior to completing the next stage of construction, using the payment as a prerequisite to completing the next stage.

## *Material Misrepresentations and Omissions Regarding Subcontractors*

29. Chapter 713 of the Florida Statutes provides very specific procedures for persons who furnish labor, services or materials for the purpose of improving real property.

30. Section 713.015, Florida Statutes, entitled "Mandatory provisions for direct contracts," requires that any direct contract greater than $2,500 between an owner and a contractor, related to improvements to real property, must contain a notice provision printed in no less than 12-point, capitalized, boldfaced type on the front page of the contract or on a separate page, signed by the owner and dated. The notice provision states:

**ACCORDING TO FLORIDA'S CONSTRUCTION LIEN LAW (SECTIONS 713.001-713.37, FLORIDA STATUTES), THOSE WHO WORK ON YOUR PROPERTY OR PROVIDE MATERIALS AND SERVICES AND ARE NOT PAID IN FULL HAVE A RIGHT TO ENFORCE THEIR CLAIM FOR PAYMENT AGAINST YOUR PROPERTY. THIS CLAIM IS KNOWN AS A CONSTRUCTION LIEN. IF YOUR CONTRACTOR OR A SUBCONTRACTOR FAILS TO PAY SUBCONTRACTORS, SUB-SUBCONTRACTORS, OR MATERIAL SUPPLIERS, THOSE PEOPLE WHO ARE OWED MONEY MAY LOOK TO YOUR PROPERTY FOR PAYMENT, EVEN IF YOU HAVE ALREADY PAID YOUR CONTRACTOR IN FULL. IF YOU FAIL TO PAY YOUR CONTRACTOR, YOUR CONTRACTOR MAY ALSO HAVE A LIEN ON YOUR PROPERTY. THIS**

7

MEANS IF A LIEN IS FILED YOUR PROPERTY COULD BE SOLD AGAINST YOUR WILL TO PAY FOR LABOR, MATERIALS, OR OTHER SERVICES THAT YOUR CONTRACTOR OR A SUBCONTRACTOR MAY HAVE FAILED TO PAY. TO PROTECT YOURSELF, YOU SHOULD STIPULATE IN THIS CONTRACT THAT BEFORE ANY PAYMENT IS MADE, YOUR CONTRACTOR IS REQUIRED TO PROVIDE YOU WITH A WRITTEN RELEASE OF LIEN FROM ANY PERSON OR COMPANY THAT HAS PROVIDED TO YOU A "NOTICE TO OWNER." FLORIDA'S CONSTRUCTION LIEN LAW IS COMPLEX, AND IT IS RECOMMENDED THAT YOU CONSULT AN ATTORNEY.

31.     Defendants unfairly and deceptively failed to include this mandatory notice on its contracts, or otherwise provide consumers with any notice whatsoever about Florida's construction lien laws, to the detriment of these consumers. As stated by one of the many Defendants Genie Pools' victims, "they're praying on the uneducated homeowner who doesn't exactly know how this works."

32.     Moreover, Florida Statute § 713.06(2)(a) requires that, in order to perfect a lien against real property, all lienors including materialmen and subcontractors must serve a notice on the owner "setting forth the lienor's name and address, a description sufficient for identification of the real property, and the nature of the services or materials furnished or to be furnished." This is known as a "Notice to Owner."

33.     When consumers inquired about Notices to Owner they received from subcontractors and material suppliers, Defendants routinely advised them to ignore those notices as mere "formalities" or "normal construction procedures." Defendants knew consumers were not just receiving those Notices as mere "formalities," but as the result of subcontractors and material suppliers not being paid by Defendants for services and materials.

34.     This practice is unfair and deceptive conduct in that Notices to Owner are in place to protect consumers and to inform them that failing to obtain releases may subject them to paying twice for services rendered and/or materials furnished and/or result in liens being placed

8

against their properties for failing to pay the subcontractors, sub-subcontractors, or material suppliers.

35.    Consumers who had paid Defendant Genie Pools pursuant to the payment schedule had liens placed on their homes by Genie Pools material suppliers.

36.    Despite having timely payments from consumers, Defendant Genie Pools not only instructed consumers to ignore a "Notice to Owner" received from a material supplier, based on information and belief Defendants neither did anything to stop liens from being placed on consumers' homes nor did it assist consumers in obtaining releases of liens.

37.    Section 713.345, Florida Statutes, requires that all persons who receive payment for improving real property "must apply such portion of any payment to the payment of all amounts then due and owing for services and labor which were performed on, or materials which were furnished for, such improvement prior to receipt of the payment."

38.    As of this date, Defendant Genie Pools has failed to pay numerous suppliers for materials furnished, and those suppliers have placed, and continue to place, liens on consumers' homes.

39.    The unfair and deceptive actions and omissions of Defendants in 1) failing to include the mandatory construction lien law language in its contracts, 2) misleading consumers, causing them to ignore statutory Notices to Owner, 3) failing to obtain or assist with obtaining releases of lien for its customers, and 4) failing to pay its suppliers, have led numerous Florida consumers to pay twice for materials furnished and/or encounter liens being placed on their properties.

40.    Those consumers have not only paid twice for the same materials (to Genie Pools and, subsequently, directly to the suppliers), or have in fact had their properties liened, but those

9

consumers have been left with unfinished, incomplete and unswimmable pools that will now require additional monies to be paid to new contractors to complete the work.

### *Genie Pools' Operations*

41.    In the last weeks and months of operation, Defendants demanded progress payments from customers with false promises that work would commence or resume immediately or in the "next few days." For example, Consumer Marcello Trovato testified under oath that when he expressed his concerns to Defendant Gabriel Guardia regarding making the final payment under the pool contract given the unreasonable construction delays, Defendant Gabriel Guardia told him that if he made the last payment, all the outstanding issues will be resolved within three days. In fact, Mr. Trovato made the last payment hoping to put an end to the Genie Pools nightmare, but Defendant Genie Pools once again failed to honor its promise.

42.    In some cases, Defendants demanded progress payments before such time as the consumer would be contractually obligated to pay them. For example, Consumer Sarah Goodrich-Cubenas testified under oath that Defendant Genie Pools "would not do anything without a check first." When customers who paid those monies complained about additional delays, Defendant Genie Pools engaged in a series of lies and misrepresentations, for example "labor shortages," materials not being available, or simply ignored the complaints. For example, Consumer Illiana Lopez-Lozana testified under oath that Defendants were "always claiming that they couldn't find good workers."

43.    Further compounding the injuries to Florida consumers in recent months, Defendant Genie Pools purposely entered into new contracts and commenced the excavation of consumers' backyards in order to obtain the first excavation payment, without any intention of completing the next phases of construction. After providing thousands of dollars out-of-pocket

10

to Genie Pools, those consumers have been left with nothing more than large holes in their yards, potentially causing dangerous conditions. For example, another Genie Pools' victim signed the pool contract in January 2014, paid 65% of the total contract price and Defendant Genie Pools only dug the hole and did the rebar which Defendants did not pay for since the consumers received a notice of lien from the subcontractor.

44.    For those consumers whose pools had previously been under construction, Defendant Genie Pools manipulated and deceived them into making other subsequent progress payments without any intention of completing those phases. For example, in some cases, Defendants did not even obtain the permits required to complete said phases.

45.    Defendant Genie Pools, by and through its agents and specifically Defendant Gabriel Guardia contacted consumers and demanded payments, all while engaging in a series of lies and manipulations regarding the status of the company and the status of the consumers' individual projects, materials and supplies. During a meeting with Defendants, Consumers Mr. and Mrs. Lozana asked them about two liens that had been placed on their home, Defendants stated "they were both incorrect," and that "they would take care of all that."

46.    Despite its financial decline, Genie Pools continued to sell new pools at a rapid rate, with no intention of ever completing those new projects. Upon information and belief, Defendants sold these pools to squeeze as much money as possible from Florida consumers in the form of up-front deposits and commencement payments.

47.    Defendants Gabriel Guardia, and Liz Guardia participated directly and indirectly through their affiliates, agents, employees, or other representatives, in the unfair and deceptive acts and practices of Genie Pools as set forth above, controlled said acts and practices, and/or had the authority to control them.

11

48.    Defendants Gabriel Guardia, and Liz Guardia had actual knowledge or constructive knowledge fairly implied on the basis of objective circumstances that said acts and omissions, and the acts and omissions of the employees, affiliates, agents, managers and/or representatives of Genie Pools, were unfair or deceptive and/or prohibited by law.

## COUNT I
## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

49.    Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 48 as if fully set forth hereinafter.

50.    Section 501.204(1), Florida Statutes, declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

51.    In numerous instances in connection with the marketing, advertising and/or sale of Defendants' pool construction services, Defendants have represented, directly or indirectly, expressly or by implication, that Genie Pools had the fastest time of completion of its pools as supported by verifiable data and/or consumer pools would be completed in an average of 45-60 days.

52.    In truth and in fact, Defendants' representations regarding completion time were false and/or misrepresented.

53.    Therefore, Defendants' representations constitute deceptive acts or practices in violation of FDUTPA.

## COUNT II
## *PER SE* VIOLATION OF FLORIDA'S DECEPTIVE AND
## UNFAIR TRADE PRACTICES ACT

54.    Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 48 as if fully set forth hereinafter.

55.    Florida Statutes Section 501.203(3) establishes that a violation of FDUTPA may be based upon any of the following as of July 1, 2006: (a) any rules promulgated pursuant to the Federal Trade Commission Act; (b) the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts; or (c) any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

56.    Defendants Genie Pools and Gabriel Guardia, and Liz Guardia failed to include mandatory construction lien law notices in contracts with consumers as provided by, and in violation of, Section 713.015, Florida Statutes.

57.    The violations by Defendants Genie Pools and Gabriel Guardia, and Liz Guardia of Section 713.015 constitute *per se* violations of FDUTPA.

**COUNT III**
**VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

58.    Plaintiff adopts, incorporates herein and re-alleges paragraphs 1 through 48 as if fully set forth hereinafter.

59.    Section 501.204(1), Florida Statutes, declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

60.    As described above, Defendants Genie Pools, Gabriel Guardia and Liz Guardia have engaged in deceptive and unfair acts and practices likely to deceive a consumer acting reasonably in violation of the provisions of Chapter 501, Part II of the Florida Statutes.

**CONSUMER INJURY**

61.    The above-described acts and practices of Defendants have injured and will likely continue to injure and prejudice the public and consumers in the State of Florida. In addition,

13

Defendants have been unjustly enriched as a result of their deceptive acts or practices. Unless Defendants are enjoined from engaging further in the acts and practices complained of herein, the continued activities of Defendants will result in irreparable injury to the public and consumers in the State of Florida for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, the Attorney General requests that this Honorable Court enter Judgment against the Defendants, jointly and severally, to:

A.    DECLARE that the foregoing acts and practices are unfair, deceptive and/or unconscionable in violation of FDUTPA.

B.    Permanently ENJOIN Defendants Genie Pools, Gabriel Guardia, and Liz Guardia, their officers, affiliates, agents, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this injunction from engaging in, rendering, or otherwise providing pool and spa construction or remodeling services to Florida consumers.

C.    AWARD such equitable or other relief as is just and appropriate pursuant to Section 501.207, Florida Statutes, including, but not limited to, disgorgement of ill gotten gains and repatriation of assets necessary to satisfy any judgment.

D.    AWARD full restitution to all consumers who are shown to have been injured, pursuant to Section 501.207, Florida Statutes.

E.    ASSESS civil penalties in the amount of Ten Thousand Dollars ($10,000.00) as prescribed by Section 501.2075, Fla. Stat. or Fifteen Thousand Dollars ($15,000.00) for victimized senior citizens as prescribed by Section 501.2077, Fla. Stat. for each act or practice found to be in violation of Chapter 501, Part II, of the Florida Statutes.

14

F.    AWARD attorneys' fees and costs pursuant to Section 501.2075, Fla. Stat. or as

otherwise authorized by law.

G.    GRANT such other relief as this Honorable Court deems just and proper.

Dated this $\underline{17}$ day of September, 2014                Respectfully Submitted,

**PAMELA JO BONDI**
**Attorney General of the State of Florida**

By: Katherine A. Kiziah
Assistant Attorney General
Florida Bar No. 0017585
Katherine.Kiziah@myfloridalegal.com
1515 N. Flagler Drive
Suite 900
West Palm Beach, FL 33401
Telephone: (561) 837-5007
Facsimile: (561) 837-5109
Ryann Flack
Assistant Attorney General
Florida Bar No. 0018442
Ryann.Flack@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
444 Brickell Avenue
Suite 650
Miami, Florida 33131
Telephone:  (305) 377-5850
Facsimile:  (305) 349-1403

15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In Re:                                        Case No. 14-30397-BKC-RAM

RICARDO A. GUARDIA,                           Chapter 7

               Debtor
_____/

## ORDER DECLARING THE AUTOMATIC STAY UNDER 11 U.S.C. §362 INAPPLICABLE TO THE ATTORNEY GENERAL'S ACTION AGAINST DEBTOR

THIS MATTER came before the Court on October \_\_\_\_, 2014 at \_\_:\_\_ a.m. upon the Office of the Attorney General, Department of Legal Affairs, State of Florida's Motion for Order Declaring the Automatic Stay Under 11 U.S.C. §362 Inapplicable to the Attorney General's Action or, in the Alternative, Lifting the Stay (the "Motion") [ECF# _____]. The Court having reviewed the Motion, having heard argument of counsel, and being otherwise fully advised, finds that:

EXHIBIT

B

1.      The Attorney General, Department of Legal Affairs, (the "Attorney General") is the enforcement authority under Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes ("FDUTPA").

2.      The Attorney General's ongoing investigation of the Debtor and the addition of the Debtor to the Complaint against Genie Pools Florida, Inc., Gabriel E. Guardia, and Liz M. Guardia ("Lawsuit") are pursuant to the Attorney General's enforcement authority under FDUTPA.

3.      The automatic stay as provided for by Section 362 of the Bankruptcy Code is inapplicable to the Attorney General's ongoing investigation and future actions and proceedings against Debtor  under 11 U.S.C. §362(b)(4).

Therefore, the Motion is **GRANTED**. It is hereby:

**ORDERED** that the automatic stay is inapplicable to the Attorney General's ongoing investigation and future actions and proceedings against Debtor Ricardo A. Guardia and the Attorney General is not stayed from adding Debtor Ricardo A. Guardia as a defendant in the Lawsuit.

###

**Submitted by:**


Katherine A. Kiziah
Assistant Attorney General
Florida Bar No. 0017585
Katherine.Kiziah@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
1515 N. Flagler Drive
Suite 900
West Palm Beach, FL 33401
Telephone: (561) 837-5007
Facsimile:  (561) 837-5109

Ryann Flack
Assistant Attorney General
Florida Bar No. 0018442
Ryann.Flack@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
444 Brickell Avenue
Suite 650
Miami, Florida 33131
Telephone:  (305) 377-5850
Facsimile:   (305) 349-1403

**Service List by CM/ECF and Email**:

The party submitting this order shall serve a copy of the signed order on all parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).