

**ORDERED in the Southern District of Florida on November 24, 2014.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                              )   CASE NO. 14-30397-RAM
                                    )   CHAPTER  7
RICARDO GUARDIA and                 )
TERESITA GUARDIA,                   )
                                    )
                                    )
                                    )
            Debtor.                 )
                                    )
                                    )

## ORDER DECLARING AUTOMATIC STAY INAPPLICABLE

The Court held a hearing on November 18, 2014 on the Motion for Order Declaring the Automatic Stay Under 11 U.S.C. §362 Inapplicable to the Attorney General's Action Against Debtor or, In the Alternative, Lifting the Stay [DE #21] (the "Motion").

The movant is the State of Florida, Office of the Attorney General (the "Attorney General"). The Attorney General seeks to add the Debtor husband, Ricardo Guardia, as an additional defendant in a complaint presently pending against Genie Pools Florida Inc. ("Genie Pools") and others in Miami-Dade County Circuit Court (the "Complaint").[1] The Debtor was the president of Genie Pools.

The Complaint was brought by the Attorney General as the enforcing authority under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). The Complaint alleges that the defendants, through Genie Pools, a pool and spa builder, engaged in unfair and deceptive business practices. Aside from seeking injunctive relief to prevent the Debtor and the other defendants from any future business activities relating to the construction of pools and spas, the Complaint seeks an award for restitution, civil penalties, and attorney's fees. The Attorney General argues that the Complaint is brought to enforce its regulatory powers under FDUTPA and therefore falls under the police and regulatory power exception to the automatic stay in 11 U.S.C. §362(b)(4) of the Bankruptcy Code.

On November 17, 2014 the Debtors filed their response to the Motion [DE #61] (the "Response"). Due to the late filing of

---

[1] A copy of the Complaint is attached as Exhibit A to the Motion.

the Response, the Court, at the November 18th hearing, stated that it would enter a scheduling order giving the Attorney General an opportunity to file a reply and setting a further hearing on the Motion. Also, at the November 18th hearing, the chapter 7 trustee not only agreed with the Attorney General that the state was entitled to proceed with the Complaint, but argued that a judgment against the Debtor in the FDUTPA case would facilitate the claims process in this case.

Upon further research, the Court has determined that no further briefing or hearings are required and that the Motion should be granted.

## Discussion

The Attorney General argues that the filing and prosecution of the Complaint is within the section 362(b)(4)exception because the Attorney General is a governmental unit and the filing and prosecution of the Complaint is an exercise of its regulatory and police powers. The police and regulatory exception in section 362(b)(4) provides in material part as follows:

> The filing of a [bankruptcy] petition… does not operate as a stay— under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority… to enforce such governmental

3

> unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power….

The case law strongly supports the Attorney General's position that the exception applies here, including, in particular, *In re Nelson*, 240 B.R. 802 (Bankr. D. Me. 1999) ("*Nelson*"). In *Nelson*, as in this case, the debtor argued that the automatic stay prevented the State of Maine from pursuing a restitution claim under Maine's Unfair Trade Practices Act. 240 B.R. at 805. The *Nelson* court rejected the debtor's argument noting that while a restitution judgment may be calculated based upon the pecuniary losses suffered by the fraud victims, the restitution claim is still part of the state's enforcement of its regulatory powers and thus within the section 362(b)(4) exception. *Id*. at 806 *citing State of Georgia v. Family Vending, Inc. (In re Family Vending, Inc.)*, 171 B.R. 907, 909 (Bankr. N.D. Ga. 1994).

The facts in *Nelson* are strikingly similar to the facts here and the Court agrees with the Nelson court's analysis and conclusion. Collier on Bankruptcy also supports this view stating that "the governmental unit still may commence or continue any police or regulatory action, including one seeking

4

a money judgment, but it may enforce only those judgments and orders that do not require payment." 3 Collier on Bankruptcy, ¶362.05[5][b] (16th ed.).

The Debtors agree that the Attorney General is a governmental unit and also agree that the injunctive relief sought in the Complaint is not stayed by the bankruptcy. What the Debtors object to is the Attorney General pursuing any monetary relief against the Debtor, arguing in the Response that the section 362(b)(4) police power exception does not apply to a governmental unit's "effort to help a creditor collect a prepetition debt." [DE #61 p.5]. The case law cited by the Debtors does not support its argument, including *In re Dolen*, 265 B.R. 471 (Bankr. M.D. Fla. 2001)("*Dolen*"), the case the Debtors argued at the hearing.

In *Dolen* the Federal Trade Commission (the "FTC") sought, among other things, a permanent injunction against a chapter 13 debtor including restitution damages and disgorgement of fees paid. 265 B.R. 475-76. Prior to the debtor filing her chapter 13 petition the FTC obtained a preliminary injunction which prevented the debtor from spending future income, even income unrelated to the alleged fraud. *Id*. Once the bankruptcy was filed, the debtor moved for a court order declaring that the automatic stay prevented the FTC from enforcing the preliminary

5

injunction. *Id*. The bankruptcy court ultimately determined that the FTC could not enforce that portion of the injunction that attached to post-petition income unrelated to the fraud, which in a chapter 13 belongs to the estate, without first obtaining stay relief. *Id*. at 488.

The *Dolen* court's conclusion that the automatic stay applied to an injunction affecting post-petition earnings does not support the Debtor's argument here that the stay precludes the Attorney General from seeking a restitution judgment. In fact, the Attorney General cited *Dolen* in support of the Motion and for good reason. As the *Dolen* court noted: "The case law is clear that an action to enjoin illegal conduct **and to obtain restitution** for that conduct falls squarely within the scope of the paragraph (b)(4) exception." *Dolen*, 265 B.R. at 481 (emphasis added). The *Dolen* court went on to specifically hold that the FTC could "engage in discovery, participate at trial to obtain an adjudication of its claims on the merits, and, if the debtor is found to have engaged in illegal conduct, determine **and fix restitution damages for that conduct.**" *Id*. (emphasis added). The *Dolen* court only determined that the next step, enforcement of the monetary judgment, was stayed by the bankruptcy. Thus, the conclusion in *Dolen* is consistent with

*Nelson*, Collier on Bankruptcy, and the Attorney General's argument.

The Attorney General, once and if it obtains a judgment in state court, will file a claim in this bankruptcy. The Attorney General is not seeking to enforce a monetary judgment against estate assets. The filing of the Complaint against the Debtor and its prosecution up to judgment and the filing of a claim in this bankruptcy all falls squarely within the Attorney General's police powers pursuant to section 362(b)(4) and is therefore not in violation of the automatic stay. *See also In re Halo Wireless, Inc.,* 684 F.3d 581, 586 (5th Cir. 2012); *Ngan Gung Restaurant, Inc. v. New York (In re Ngan Gung Restaurant, Inc.)*, 183 B.R. 689, 695 (Bankr. S.D. N.Y. 1995). Therefore, it is

**ORDERED** that the Motion is granted. The automatic stay does not apply to the Attorney General filing the Complaint against the Debtor and prosecuting it through judgment.

###

COPIES TO:

Emmanuel Perez, Esq.
901 Ponce de Leon Blvd #101
Coral Gables, FL 33134
(Counsel for the Debtors)

Katherine A. Kiziah, Esq.
Office of the Attorney General
Consumer Protection Division
1515 N. Flagler Drive Suite 900
West Palm Beach, FL 33401

Rachel L. Ahlum, Esq.
6495 SW 24th St
Miami, FL 33155
(Counsel for the Chapter 7 Trustee)